MURRAY *vs.* CONE et al.

1. In debt on foreign judgment, plaintiff is entitled to damages, to the extent of the interest allowed, at the place where the judgment was obtained.

2. But in such a case, in the absence of a plea, the case ought to be submitted to a jury, on an enquiry of damages, and the statute of the place of the contract, which ascertains the value of money, ought to be produced, or the usage proved.

3. Where judgment is not rendered in attachment against an absent defendant, until after the expiration of six months from the issuance of the attachment, it is no ground of error, that notice was not given to the absent defendant of the issuance of the attachment, or the pendency of the suit either by mail or publication.

4. The affidavit of one who describes himself as agent of the plaintiff in attachment, is a sufficient compliance with the statute, to warrant the issuance of an attachment.

Error to the Circuit court of Russell county.

Debt, in attachment on foreign judgment.

This was an action of debt on a judgment obtained against defendant in Georgia. There was no appearance, and judgment was rendered against him for a larger amount than was claimed in the declaration. To reverse the judgment so obtained, a writ of error was sued out.

The errors assigned are stated in the opinion of the court.

COLLIER, C. J.—It is insisted that the judgment, in this case, should be reversed, for these reasons:

Murray *vs.* Cone et al.

1. The judgment is by default, and for a larger sum than is demanded by the declaration.

2. No notice was given to the plaintiff in error of the issuance of the attachment, or pendency of the suit.

3. The affidavit on which the attachment was sued out, was not made either by the defendants, or their agent or attorney.

1. The declaration discloses as the cause of action, a judgment recovered by the defendants in the Superior court of the county of Hall, in the State of Georgia, for the sum of two thousand one hundred and sixty-three dollars, and eighty-five cents. Though the action is (as it should be) debt, yet a judgment final is rendered by default, for the sum of twenty-five hundred and nine 61-100 dollars, in damages.

We imagine that the judgment was swelled to an amount beyond the debt claimed, by the addition of interest thereon. That the defendants are entitled to damages beyond the recovery in Georgia, to the extent of the interest allowed there, is indisputable; but to show what that is, they should have submitted the case to a jury, in the absence of a plea, on an inquiry of damages; when they might have produced the statute, or if there was none, proved the usage of Georgia, which ascertains the value of money there. The neglect to pursue this course makes the judgment erroneous—(Peacock vs. Banks, Ala. Rep. 387; Evans vs. Irvin & Dunlap, 1 Porter's R. 390; Evans vs. Clark, ibid. 388; Richardson vs. Williams, 2 Porter's R. 239.)

2. In respect to the second objection, it may be remarked, that the attachment law was new-modelled in

eighteen hundred and thirty-three.    The acts previously existing were to some extent omitted, and new provisions added, and even the old law, so far as retained, was greatly varied in its terms.    It is not now necessary to give notice, either through the medium of the post office, or by public advertisement, to a non-resident defendant.    The plaintiff in attachment may, if he know where the defendant resides, transmit him a notice by mail, or when his residence is unknown, he may apply to the judge or justice issuing the attachment, who will prescribe the manner of the advertisement.    If, however, all this is delayed, the only consequence is, that the plaintiff can take no judgment within six months—(Aik. Dig. s. 15, p. 41.)    Had the law have remained unchanged, we should have followed the decision of this court in Harris & Farrow vs. Clap, (Ala. Rep. 328.)    The record shows that the judgment was not rendered until more than six months after the issuance of the attachment. The objection, then, is not well taken.

3. Upon looking into the record, we think this reason is not sustained.    The individual making the affidavit describes himself as the agent of the persons for whose use the suit was brought.    Though not nominally so, they are for most purposes the plaintiffs—they complain; they are responsible for costs; and to them belongs whatever may be recovered.    The affidavit, then, in this respect, meets the requisition of the statute.    But, for the first cause considered, the judgment must be reversed, and the case remanded.